# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SCOTTY SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-CV-53 CEJ |
| GEORGE A. LOMBARDI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $2, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Defendant Charles Harris issued plaintiff a conduct violation for having contraband in his cell. The contraband was determined to be a liquid prescription medicine that did not belong to plaintiff. Plaintiff maintains that the liquid was "barber oil." The remaining defendants are supervisors who denied his grievances.

As a result of the conduct violation, plaintiff's conditional release date was changed from February 15, 2017, to April 15, 2017. Plaintiff argues that his right to due process was violated because he was not allowed to present evidence during the conduct violation hearing.

**Discussion**

Plaintiff's claim with regard to the loss of his parole release date fails to identify a liberty interest protected by due process. The Supreme Court held in *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole. Additionally, the United States Court of Appeals for the Eighth Circuit Court and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole. *See Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir.2005). Therefore, a Missouri prisoner's allegations challenging denial of parole do not state a claim under 42 U.S.C. § 1983. *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, plaintiff's claims against the supervisory defendants who denied his grievances are legally frivolous. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."); *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 5] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $2.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

An order of dismissal will be filed separately.

Dated this 20th day of October, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE